# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| In re: Tina Johnson | ) | Judge Thomas M. Lynch |
| Debtor | ) | |
| | ) | Case No. 17-82868 |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| | ) | |
| Patrick Layng, US Trustee | ) | Adversary Case |
| Plaintiff | ) | 18-96018 |
| | ) | |
| v. | ) | |
| | ) | |
| Michael C. Burr, Jaafar Law Group PLLC, | ) | |
| Fairmax Law, Michael Jaafar, David Ienna, | ) | |
| Christina Banyon, and David Carter, | ) | |
| Defendants | ) | |

## STIPULATION BETWEEN PLAINTIFF AND DEFENDANT MICHAEL C. BURR FOR ENTRY OF JUDGMENT AND CONSENT DECREE

Now comes the Plaintiff, United States Trustee for the Northern District of Illinois, Patrick S. Layng, by his attorney Debra L. Schneider, and Defendant Michael C. Burr, appearing *pro se*, who respectfully request this Court enter an Order approving the Stipulation for Entry of Judgment and enter a Consent Decree **as to Defendant Michael C. Burr only** as set forth below.

## RECITALS

The parties acknowledge that the following forms the basis for this Stipulation:

**A. The Parties & Jurisdiction**

1. This adversary proceeding is related to the chapter 7 case of Tina Johnson, Case No. 17-82868, pending in the United States Bankruptcy Court for the Northern District of Illinois, Western Division.

2. Debtor Tina Johnson is an assisted person whose debts are primarily consumer debts as defined in 11 U.S.C. § 101(3) and (8).

3. The Court has jurisdiction over this adversary proceeding and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. Attorney Michael C. Burr is licensed to practice law in the State of Illinois and the District Court for the Northern District of Illinois and was employed with Jaafar Law Group d/b/a Fairmax Law ("Fairmax") as an "Of Counsel" attorney for the firm at all times relevant hereto.

5. Defendant Michael C. Burr is a debt relief agency as that term is defined in 11 U.S.C. § 101(12A).

6. Mr. Burr is a registered user of the CM/ECF system for the Northern District of Illinois.

7. Mr. Burr represents that Fairmax Law is no longer accepting new bankruptcy clients or filing new bankruptcy cases in Illinois. He further represents that he is currently counsel of record in four Fairmax-initiated Chapter 13 cases in the Northern District of Illinois:

- Arthur Ballard, case no. 18-5312;
- Floyd Swanson, case no. 18-02651;
- Hector Maldonado, case no. 18-03389; and
- Lisa Fields, case no. 17-28187.

8. Mr. Burr asserts that, although Mr. Burr's of counsel agreement with Fairmax continues in force at this time, any future cases contemplated with Fairmax will not be filed in bankruptcy court.

9. The parties agree to settle this action as it pertains to Defendant Burr and consent to the Court's entry of Judgment and entry of the Consent Decree.

10. The Recitals, Stipulations, and Consent Decree are entered into voluntarily by the parties to resolve the claims asserted by the United States Trustee.

11. The recitals set forth herein are the allegations from the complaint that are pertinent to Defendant Burr and constitute admissions by Defendant Burr to those allegations.

2

B. **Factual Stipulations**

12.     Mr. Burr first met and spoke with Tina Johnson on December 1, 2017, when she visited the Fairmax office in Burr Ridge, Illinois.

13.     In November 2017, a representative of Fairmax had offered Ms. Johnson a bifurcated fee structure where a minimum of legal work was to be done prior to the filing of the case in exchange for a $0 down payment. Ms. Johnson elected to proceed with this arrangement. However, when Ms. Johnson met with Mr. Burr on December 1, 2017, Mr. Burr did not explain to Ms. Johnson how the bifurcated fee structure would work.

14.     The fee structure contemplated filing just a petition, and then performing the bulk of the legal work after the filing of the case.

15.     This bifurcated fee structure was new to Mr. Burr and the Fairmax firm, and Fairmax failed to adequately train staff in or supervise Mr. Burr's following of the new procedure.

16.     Mr. Burr met with Ms. Johnson on December 1, 2017, at which time he completed her petition, bankruptcy schedules, means test, Statement of Intention, Statement of Financial Affairs, and all other paperwork normally done for a Chapter 7 case.

17.     On December 1, 2017, Mr. Burr gave Ms. Johnson signature pages, which she signed at his direction.

18.     The papers signed by Ms. Johnson were not dated.

19.     On December 5, 2017, Mr. Burr filed only Ms. Johnson's petition, but he did not file the other related papers.

20.     Mr. Burr intentionally delayed filing the schedules, statements and related papers until after Ms. Johnson signed the post-petition fee agreement and electronic payment authorization.

21. Mr. Burr did not inform Ms. Johnson that her schedules, statements and other related papers would not be filed until she signed the post-petition fee agreement and electronic authorization.

22. Mr. Burr did not adequately explain, and Ms. Johnson was not fully informed of, the pre-petition and post-petition aspects of the fee agreement and the limited legal services being provided until the post-petition fee agreement was signed.

23. The fee arrangement contemplated a factoring agreement with BK Billing wherein BK Billing would pay Fairmax the legal fee due under Ms. Johnson's post-petition contract, and then Ms. Johnson would pay BK Billing monthly payments of $150 until the $1,800 balance was paid.

24. Ms. Johnson did not understand she would be paying BK Billing instead of Fairmax Law.

25. Mr. Burr failed to file either the pre-petition or post-petition fee agreements with the required Rule 2016 statement of attorney's fees until the U.S. Trustee sought to compel their filing.

26. During the month of December 2017, Mr. Burr intentionally delayed filing the remaining bankruptcy documents while he attempted to get Ms. Johnson to sign the post-petition fee agreement and electronic payment authorization form.

27. Mr. Burr failed to file Ms. Johnson's schedules and statements until January 3, 2018.

28. On January 3, 2018, Mr. Burr filed some original schedules but did not file all the original schedules. He filed revised schedules B, C, D, E and F on Ms. Johnson's behalf which added creditors and included details about a car the debtor co-owned with her ex-husband.

29. None of the revised schedules or statements were presented to Ms. Johnson for her review and signature prior to filing.

30. To assist Mr. Burr, Fairmax assigned him a Fairmax paralegal located in their Michigan office. The paralegal was supervised by the Jaafar Law Group.

31. The Fairmax paralegal took vacation the last 2 weeks of December 2017, and Fairmax did not inform Mr. Burr of that occurrence.

32. At the end of December 2017, Fairmax laid off the paralegal, again without informing Mr. Burr. Mr. Burr asserts that he did not learn of the layoff until January 3, 2018.

33. Mr. Burr asserts that some of the work normally done by this paralegal was not done, and Mr. Burr did not keep himself adequately informed of the progress of the work done on this and other cases.

34. Neither Mr. Burr nor anyone at the Fairmax firm provided Ms. Johnson with any explanatory paperwork or instructions after the filing of her case.

35. Ms. Johnson was not informed by her attorneys of the date and location of her 341 meeting until January 2, 2018.

36. On January 8, 2018, Mr. Burr contacted Defendant Banyon about providing coverage for the Ms. Johnson's 341 meeting set for January 9, 2018.

37. Defendant Banyon subsequently obtained coverage of the meeting from Defendant Carter.

38. Mr. Carter rather than Mr. Burr, appeared at the 341 meeting on behalf of Ms. Johnson. Neither Mr. Burr nor anyone at Fairmax informed Ms. Johnson that she would be represented by coverage counsel at her 341 meeting or obtained her informed consent.

39. Mr. Burr did not know that Defendant Carter had represented Ms. Johnson at her 341 meeting.

40. After the meeting, Ms. Banyon sent a summary of the meeting to Mr. Burr.

41. In response to a request from the U.S. Trustee, Mr. Burr prepared an itemization of attorney and paralegal time expended on Ms. Johnson's bankruptcy case and emailed it to the U.S. Trustee on February 16, 2018.

42. The itemization contained a number of intentionally misleading statements regarding the nature and extent of the work that was performed after the filing of the petition.

43. On or about March 2, 2018, BK Billing paid $1,350 to Fairmax on account of Ms. Johnson's case.

44. Defendant Banyon received $50 from Fairmax for covering the 341 meeting.

45. No money was paid directly by Fairmax Law to Mr. Carter.

46. On March 13, 2018, Ms. Johnson received a discharge in her bankruptcy case.

47. On April 4, 2018, the U.S. Trustee conducted a Rule 2004 examination of Ms. Johnson.

## AGREEMENT

To resolve the United States Trustee's Complaint against **Defendant Burr only** without further litigation, Defendant Burr admits the facts contained herein and stipulates and agrees to the following terms and conditions:

48. The Fee Agreements signed by Ms. Johnson are void.

49. Mr. Burr will disgorge and refund to Ms. Johnson all the fees he received in connection with her case, regardless of the source of those fees. Mr. Burr shall refund said fees by a certified check or money order payable to Ms. Johnson and mailed to her within ten (10) days from the date of entry of the Court Order approving this Stipulation and entering the Consent Decree. Within ten (10) days Mr. Burr shall also provide proof of payment to the United States Trustee and shall also certify this to the Bankruptcy Court, in the form of an affidavit that payment has been made.

50. Mr. Burr agrees that he will not represent any Fairmax bankruptcy client in the Northern District of Illinois other than those in the four chapter 13 cases listed in Paragraph 6 of this stipulation.

51. In connection with any prospective or pending bankruptcy case in the Northern District of Illinois in which Mr. Burr represents a debtor, creditor or other party in interest, he shall take steps to actively monitor work assigned to and performed by any paralegal or assistant working on any of his cases. Mr. Burr shall also implement a calendar and tracking system to aid him in meeting deadlines and keeping cases on schedule.

52. Mr. Burr shall ensure that all schedules, statements and papers normally accompanying a petition and required to be filed in a case are filed in compliance with the deadlines set forth in the Bankruptcy Code and Federal and Local Bankruptcy Rules.

53. Mr. Burr will not intentionally delay filing any schedules, statements or required paperwork for any purpose, including to obtain a signature on a post-filing fee agreement.

54. In each bankruptcy case filed in the Northern District of Illinois in which Mr. Burr is counsel of record, he shall ensure that all fee agreements are timely filed along with the Rule 2016 statement of fees.

55. Mr. Burr shall ensure that any outside counsel hired to appear in his stead at a 341 meeting, a hearing before the Court, a Rule 2004 examination or at a deposition, will be fully prepared to represent the client as the circumstances warrant.

56. Mr. Burr shall ensure that the client is aware when outside counsel will be appearing in his stead and shall obtain the client's informed consent to representation by the outside counsel in accordance with the applicable Rules of Professional Conduct.

57. Mr. Burr shall ensure that the outside counsel fee is disclosed in accordance with applicable Bankruptcy Code and Rule provisions, and that any fee agreement is filed with the Court.

58. Mr. Burr shall ensure that all fee agreements and arrangements are explained to any debtor or prospective debtor that he represents in bankruptcy cases in the Northern District of Illinois.

59. Mr. Burr self-reported his conduct in Ms. Johnson's bankruptcy case to the Illinois Attorney Registration and Disciplinary Commission (ARDC) on July 30, 2018.

60. Mr. Burr shall forward a copy of the adversary Complaint in this case and a copy of this Stipulation to the ARDC and shall update the U.S. Trustee on the status of the ARDC proceeding within ten (10) days of the signing of this Stipulation.

61. Mr. Burr has represented to the U.S. Trustee that he has taken 3.5 hours of ethics/professional responsibility training during 2018 and by signing below certifies his completion of this training.

62. The courses were video courses offered by the Illinois ARDC with the following titles: Client Communication Issues (1 hour), Recent Changes to the Rules Governing Lawyers in Illinois (.5 hours), Attorney-Client Relationships – Effectively Connect and Communicate with Clients (.5 hours), Conflicts of Interest Module 2, Ensuring Undivided Loyalty (.75 hours), Getting Paid Ethically (.75 hours).

63. The Plaintiff and Defendant Burr consent to the entry of Judgment and an Order consistent with the terms outlined above.

**AGREED:**

_____         Dated:_____
Mary R. Jensen
Attorney for Plaintiff,
Patrick Layng U.S. Trustee


_____         Dated:_____
Defendant Michael C. Burr

58. Mr. Burr shall ensure that all fee agreements and arrangements are explained to any debtor or prospective debtor that he represents in bankruptcy cases in the Northern District of Illinois.

59. Mr. Burr self-reported his conduct in Ms. Johnson's bankruptcy case to the Illinois Attorney Registration and Disciplinary Commission (ARDC) on July 30, 2018.

60. Mr. Burr shall forward a copy of the adversary Complaint in this case and a copy of this Stipulation to the ARDC and shall update the U.S. Trustee on the status of the ARDC proceeding within ten (10) days of the signing of this Stipulation.

61. Mr. Burr has represented to the U.S. Trustee that he has taken 3.5 hours of ethics/professional responsibility training during 2018 and by signing below certifies his completion of this training.

62. The courses were video courses offered by the Illinois ARDC with the following titles: Client Communication Issues (1 hour), Recent Changes to the Rules Governing Lawyers in Illinois (.5 hours), Attorney-Client Relationships – Effectively Connect and Communicate with Clients (.5 hours), Conflicts of Interest Module 2, Ensuring Undivided Loyalty (.75 hours), Getting Paid Ethically (.75 hours).

63. The Plaintiff and Defendant Burr consent to the entry of Judgment and an Order consistent with the terms outlined above.

**AGREED:**

_/s/ Mary R. Jensen_                                  Dated: 12/20/18
Mary R. Jensen
Attorney for Plaintiff,
Patrick Layng U.S. Trustee


_____              Dated:_____
Defendant Michael C. Burr

8

58. Mr. Burr shall ensure that all fee agreements and arrangements are explained to any debtor or prospective debtor that he represents in bankruptcy cases in the Northern District of Illinois.

59. Mr. Burr self-reported his conduct in Ms. Johnson's bankruptcy case to the Illinois Attorney Registration and Disciplinary Commission (ARDC) on July 30, 2018.

60. Mr. Burr shall forward a copy of the adversary Complaint in this case and a copy of this Stipulation to the ARDC and shall update the U.S. Trustee on the status of the ARDC proceeding within ten (10) days of the signing of this Stipulation.

61. Mr. Burr has represented to the U.S. Trustee that he has taken 3.5 hours of ethics/professional responsibility training during 2018 and by signing below certifies his completion of this training.

62. The courses were video courses offered by the Illinois ARDC with the following titles: Client Communication Issues (1 hour), Recent Changes to the Rules Governing Lawyers in Illinois (.5 hours), Attorney-Client Relationships – Effectively Connect and Communicate with Clients (.5 hours), Conflicts of Interest Module 2, Ensuring Undivided Loyalty (.75 hours), Getting Paid Ethically (.75 hours).

63. The Plaintiff and Defendant Burr consent to the entry of Judgment and an Order consistent with the terms outlined above.

**AGREED:**

_____      Dated:_____

Mary R. Jensen
Attorney for Plaintiff,
Patrick Layng U.S. Trustee

_MC Burr_____      Dated: 12/20/18
Defendant Michael C. Burr

8